IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

MAY 11 2009

| | |
|---|---|
| CHARLES NATHAN MORGAN,<br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>ROWE MATERIALS, LLC.,<br>　　　　　　　　　　Defendant. | Civil Action Number 3:08CV576 |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant's Rule 12(b)(1) and 12(b)(6) Motions to Dismiss (Doc. Nos. 6 and 7). For the reasons below, this Court GRANTS Defendant's Motions, and Plaintiff's Complaint is hereby DISMISSED.

### I. BACKGROUND

Plaintiff began his employment with Rowe Materials, LLC ("Rowe Materials") in August 2004. On January 4, 2007, he injured his left ulnar nerve in the course of his employment. Subsequent to the injury, Plaintiff underwent surgery to repair his left arm. As a result of the injury and despite the surgery, Plaintiff claims he is permanently, partially disabled. On May 29, 2007, Dr. Costas Constantine, the plaintiff's physician, provided plaintiff authorization to return to work on light duty. While on light duty, Plaintiff claims he worked "as a de facto Concrete Field Technician." (Compl. ¶ 5.)

In June 2007, Plaintiff applied for two positions at Rowe Materials: a part-time Dispatcher position, and a Concrete Field Technician position. Plaintiff requested both jobs from Brenda Murray, the Human Resources Manager and Vice President of the Company. However, Plaintiff was not hired for either position. Rather, the dispatcher

1

position was given to Bernard Lily, an individual Plaintiff believes was far less qualified and experienced. Similarly, "another younger, less qualified individual" was placed in the Concrete Field Technician position, despite the fact that Plaintiff was certified as a Level I Concrete Delivery Professional, "had extensive experience and skill inspecting concrete loads for delivery," and worked in a similar position while on light duty. (Compl. ¶ 5.) On August 15, 2007, Brenda Murray sent Plaintiff a termination letter. The letter stated that Murray continues "to be unable to perform the essential duties and responsibilities of [his] job as outlined in [his] job description and [Rowe Materials is] not able to provide . . . light duty at this time." (Compl. ¶ 6.) The entitled matter ensued.

Defendant now seeks to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal of a claim when the court lacks subject matter jurisdiction over the action. A.W. ex rel. Wilson v. Fairfax County Sch. Bd., 548 F. Supp. 2d 219, 221 (E.D. Va. 2008). Under Rule 12(b)(1), the plaintiff bears the burden of proving that jurisdiction exists in federal court. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The district court must weigh the evidence to determine whether jurisdiction is proper. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). No presumption of "truthfulness attaches to the plaintiff's allegations, and the existence of disputed[,] material [evidentiary] facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." A.W. ex rel Wilson, 548 F. Supp. 2d at 221

(citing Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977)). In its determination, a court should grant a Rule 12(b)(1) motion to dismiss if the material jurisdictional facts are known, and the moving party is entitled to prevail as a matter of law. Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a claim, not the facts supporting it. Conley v. Gibson, 355 U.S. 41, 45–46 (1957). Thus, in ruling on a Rule 12(b)(6) motion, a court must regard all factual allegations in the complaint as true, Erickson v. Pardus, 551 U.S. 89, 93–94 (2007), as well as any facts that could be proved consistent with those allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). These facts must be viewed in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). However, since the complaint must give the defendant fair notice of the claim and the grounds upon which it rests, the plaintiff must allege facts which show that the claim is plausible, not merely speculative. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007); see also Fed. R. Civ. P. 8(a)(2) (requiring pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). The court will not accept legal conclusions that are couched as factual allegations, Twombly, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). Moreover, the plaintiff does not have to show a likelihood of success; rather, the complaint must merely allege—directly or indirectly—each element of a "viable legal theory." Twombly, 550 U.S. at 562, 563 n.8.

## III. ANALYSIS

Charles Nathan Morgan brings this four count Complaint against Rowe Materials alleging the defendant's action of terminating him from his job violated his rights under the Americans with Disabilities Act, Age Discrimination in Employment Act, the Virginians with Disabilities Act, and the Virginia Humans Right Act. Defendant now moves this Court to dismiss Counts I , II, and IV of the Complaint for failure to state a claim, and Count III for lack of subject matter jurisdiction. Each count will be analyzed in turn.

### Count I:  Americans with Disabilities Act

The Americans with Disabilities Act ("ADA") was established to eliminate employment discrimination based on disability by creating a national framework to adjudicate these claims. The ADA's protection covers "qualified individuals" who suffer a physical impairment that substantially limits one or more major life activity. 42 U.S.C. § 12111(8) (stating that a "qualified individual" means an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."); see also Toyota Motor Mfg., Ky. v. Williams, 534 U.S. 184, 187 (2002) (noting that the disability must limit a major life activity (citing 42 U.S.C. § 12102(2))).

To establish a claim of wrongful discharge, Plaintiff must allege: "(1) he is in the protected class; (2) he was discharged; (3) at the time of the discharge[] he was performing his job at a level that met his employer's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 58 (4th Cir.

4

1995). This unlawful discrimination is defined as "limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability. . . ." 42 U.S.C. 12112(b). Similarly, in a failure to accommodate claim, a plaintiff establishes a prima facie case by showing "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position . . .; and (4) that the employer refused to make such accommodations." Rhoads v. FDIC, 257 F.3d 373, 387 n.20 (4th Cir. 2001).

In the present matter, Plaintiff contends Defendant "acted with malice or reckless indifference to plaintiff's rights under the Americans with Disabilities Act in terminating plaintiff and denying plaintiff positions he was qualified for." (Compl. ¶ 7.) Accordingly, Plaintiff makes both a wrongful discharge and reasonable accommodation claim under the ADA. However, despite Plaintiff's contentions, he has failed to state a claim upon which relief may be granted.

As a threshold matter, Plaintiff has failed to adequately plead that he is a qualified individual under the ADA. In fact, no where in the Complaint or subsequent pleadings does Morgan ever state that his disability limits a major life activity, nor does he state the title of his position, what his job entailed, what his disability prohibited him from doing, or whether he is able to perform the essential functions of his job, with or without reasonable accommodation. See Lusby v. Metropolitan Wash. Airports Auth., 1999 U.S. App. LEXIS 18428 (4th Cir. Aug. 9, 1999) (stating that the employee bears the burden of demonstrating that he could perform the essential functions of his job with

reasonable accommodation). Further, to support his specific claims, Plaintiff fails to allege whether he was performing his job at the time of his discharge, whether he sought reasonable accommodations to perform his job, whether such accommodations were denied, or even whether with reasonable accommodations he could perform the essential elements of his job. Rather, Plaintiff simply asserts that he applied for two jobs and was denied the positions, and that his termination was made in disregard to the ADA. This is not sufficient to state a wrongful discharge or reasonable accommodation claim, and therefore Defendant's Motion as to this Count is GRANTED.

### Count II: Virginians with Disability Act

In order to establish a prima facie case of discriminatory discharge under the Virginians with Disability Act ("VDA"), a plaintiff must prove: (1) they are disabled, (2) they are a qualified individual, and (3) the defendant discriminated against the employee because of their disability, resulting in discharge. Stafford v. Radford Community Hosp., 1997 U.S. App. LEXIS 19741, at *4–5 (4th Cir. July 30, 1997). All claims under the VDA are subject to a one year statute of limitations, and a 180-day notice to the potential defendant of the nature of the claim. Va. Code. § 51.5-46(B). For purposes of disability discrimination claims, the statute of limitations begins to run when the plaintiff receives the final and definitive notice of the alleged discriminatory decision. Childress v. Clement, 5 F. Supp. 2d 384, 388 (E.D. Va. 1998).

Here, Plaintiff's Complaint was filed on September 3, 2008, more than one year after Morgan's August 15, 2007 termination. As such, Plaintiff's claim is time barred. Plaintiff, however, argues that the appropriate date to begin calculation of the statute of limitations is not Morgan's termination date, as the "claim is not in relation to his

dismissal," but the date Morgan discovered Rowe Materials hired persons who were not as qualified as he for the two positions he sought. (See Pl.'s Br. in Response 3.) This date, Plaintiff contends, is in the fall of 2007. However, this Court finds Plaintiff's contentions unavailing as Plaintiff's Complaint specifically challenges Morgan's termination. Nevertheless, even under Plaintiff's proffered time frame, Morgan had 180 days after becoming aware of the alleged violation to notify the defendant of the occurrence. Va. Code. § 51.5-46(B) (stating that a VDA action "shall be forever barred unless such claimant or his agent, attorney or representative has commenced such action or has filed by registered mail a written statement of the nature of the claim with the potential defendant or defendants within 180 days of the occurrence of the alleged violation"). No such notice was made, and therefore Plaintiff's claim is time barred. Accordingly, Defendant's Motion as to this Count is GRANTED.

### Count III: Age Discrimination in Employment Act

Plaintiff's Complaint further alleges that the defendant's decision to hire a Concrete Field Technician who was under the age of 40, rather than the Plaintiff, who is over the age of 40 and allegedly has "superior qualifications," is a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. However, Plaintiff has not exhausted all administrative remedies, as Morgan failed to file a charge of age discrimination with the EEOC, a prerequisite to this Court having jurisdiction. See Jones v. Calvert Group, Ltd., 551 F.3d 297, 300-301 (4th Cir. 2009) (stating that a plaintiff's failure to exhaust administrative remedies under the ADEA deprives the federal courts of subject matter jurisdiction over the claim). Accordingly, pursuant to

Rule 12(b)(1) of the Federal Rules of Civil Procedure, this Court lacks subject matter jurisdiction over the claim, and therefore this Count is hereby DISMISSED.

### Count IV: Virginia Human Rights Act

The Virginia Human Rights Act ("VHRA") states that it is the policy of the Commonwealth to safeguard all individuals from, among other things, unlawful discrimination because of age or disability. Va. Code Ann. § 2.2-3900(B)(1). However, the VHRA does not create an independent or private cause of action, except for employers who employ between five and fifteen employees. Va. Code Ann. § 2.2-2639(B) and (C); see also Wells v. Bae Systems Norfolk Ship Repair, 483 F. Supp. 2d 497 (E.D. Va. 2007) (noting that the VHRA does not create any new causes of action, but applies where a violation of existing law is found).

Here, similar to the case in Wells, Plaintiff's VHRA claim fails as a matter of law. The VHRA does not create an independent cause of action against Rowe Materials, who maintains fifteen or more employees on its payroll. See id.; (Pl.'s Compl. 6 (indicating that the defendant employs over 15 employees)). Furthermore, because all of Plaintiff's discrimination claims fail, Morgan cannot establish that he was subject to unlawful discrimination on the basis of disability or age. See Va. Code Ann. § 2.2-3901 ( noting that "[c]onduct that violates any Virginia or federal statute or regulation governing discrimination on the basis of . . . age . . . or disability shall be an 'unlawful discriminatory practice' for the purposes of" the VHRA). Accordingly, Plaintiff's claim as to the VHRA must also fail.

## IV. CONCLUSION

For the reasons above, this Court GRANTS Defendants's Motions and hereby DISMISSES Counts I, II, and IV for failure to state a claim upon which relief can be granted, and Count III for lack of subject matter jurisdiction. Accordingly, as no claims remain, Plaintiff's Complaint is DISMISSED in its entirety.

It is SO ORDERED.

/s/
**James R. Spencer**
**Chief United States District Judge**

ENTERED this 11th day of May 2009